■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DOMINICK ZIZZO, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent. — In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Dutchess County, made July 27, 1961 and entered August 1, 1961, after a hearing, which dismissed the writ and remanded him to the custody of respondent. Order affirmed, without costs. The writ was based on relator's claim that his trial in 1936 for murder in the first degree proceeded in his absence. More specifically, relator alleges that the jury, after retiring to deliberate, returned on several occasions to the courtroom in his absence and had certain testimony read to them. The minutes of the trial show that the jury returned three times to the courtroom and requested that certain testimony and certain portions of the charge be read to them. The minutes do not affirmatively indicate whether relator was present or absent on these occasions. At the hearing on the writ, relator testified that he was present when the jury first returned, but was absent on the two subsequent occasions when they returned to the courtroom. The relator produced no corroborating witness although the record of the hearing indicates that at least two of his trial counsel were then still living. Respondent in his return failed to controvert the factual allegations of the petition and offered no evidence to rebut those allegations. The issue now presented was not raised on the appeal to the Court of Appeals from the judgment of conviction (*People v. Zizzo,* 272 N. Y. 602), despite the fact that relator was represented by experienced and able counsel. Under the circumstances, the trier of the facts in this proceeding was justified

in refusing to credit the relator's testimony, even though it was not directly contradicted (cf. *People* v. *Page*, 12 A D 2d 984, and cases there cited). Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.